IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PHILIP PHILIPPOU, et al. | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-cv-695-SRW |
| | ) | |
| AMERICAN NATIONAL PROPERTY & | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
|     Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court on defendant's motion to dismiss plaintiffs' claim for intentional infliction of emotional distress, which is set out in count II of the original complaint. (Doc. 19). Plaintiff filed a response to the motion (Doc. 21) and defendant replied (Doc. 22). Upon review of the motion and the record, the court concludes that the motion is due to be granted.

## **MOTION TO DISMISS STANDARD**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. at 558 (quoting 5 Wright & Miller § 1216, at 233–34) (quoting, in turn, *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Haw. 1953))). "[O]nly a complaint that states a

plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

## BACKGROUND

Plaintiffs commenced this action based upon an insurance contract on their residential property. (Doc. 1 at 2). The complaint alleges claims against defendant, the insurer, for breach of contract (count I); intentional infliction of emotional distress or "outrage" (count II); bad faith (count III); negligence (count IV); recklessness and wantonness (count V); and gross negligence (count VI). (Doc. 1 at 4–6). Defendant filed a motion to dismiss the claims for intentional infliction of emotional distress, negligence, recklessness and wantonness, and gross negligence. (Doc. 6 at 2). In response, plaintiffs stipulated to the dismissal of counts IV, V and VI and requested leave to amend their count II claim for intentional infliction of emotional distress. (Doc. 10). The court granted leave to amend (Doc. 13) and plaintiffs filed an amended claim for intentional infliction of emotional distress (Doc. 15). Defendant's motion to dismiss count II followed. (Doc. 19).

In their amendment to count II, plaintiffs allege that "because their home was damaged to the point of being uninhabitable … the claim under their insurance policy with the Defendant is tied to matters of mental concern." (Doc. 15 at 1). They contend that "the conduct and/or methods used by Defendant through its employees[,] agents and representatives were so barbaric and beyond such decency, it was foreseeable by its actions to cause mental anguish." (Doc. 15 at 1). The conduct complained of includes defendant's alleged refusal to cooperate in settling plaintiffs' claim, "fraud by representing the condition caused by the events to be pre-existing thus causing further delays," "[r]efusing

to timely pay additional living expenses," and "[b]reaching the insurance contract between the parties by … failing and refusing to pay benefits thereunder as to reasonably result in mental anguish." (Doc. 15 at 2).

Defendant's motion to dismiss contends that these facts are insufficient to establish a claim for intentional infliction of emotional distress. (Doc. 19 at 2). Plaintiffs' response maintains that defendant breached the insurance contract and thereby inflicted emotional distress, and that Alabama law recognizes an intentional infliction of emotional distress theory of liability under breach of contract claims. (Doc. 21 at 3). The court finds that, based upon the bare assertions in the amended complaint, plaintiffs have not alleged a factual basis for a claim of intentional infliction of emotional distress that is sufficient to survive a motion to dismiss. The claim is due to be dismissed.

## DISCUSSION

The Supreme Court of Alabama recognizes the tort of outrage, but has stated that "[t]he tort of outrage is an extremely limited cause of action. It is so limited that this Court has recognized it in regard to only three kinds of conduct: (1) wrongful conduct in the family-burial context, (2) barbaric methods employed to coerce an insurance settlement, and (3) egregious sexual harassment." *Little v. Robinson*, 72 So. 3d 1168, 1172 (Ala. 2011) (quoting *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000) (internal quotation marks and citations omitted)). The Alabama Supreme Court has cautioned that recovery is not meant to be limited only to these three circumstances, but also emphasized that "[i]t is clear … that the tort of outrage is viable only when the conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as

4

atrocious and utterly intolerable in a civilized society." *Id.* at 1173 (quoting *Horne v. TGM Assocs., L.P.*, 56 So. 3d 615, 631 (Ala. 2010) (internal quotation marks omitted)).

To recover based on a claim of intentional infliction of emotional distress, "a plaintiff must demonstrate that the defendant's conduct '(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it.'" *Id.* at 1172 (internal citation omitted). The "minimum threshold that a defendant must cross in order to commit outrageous conduct" in the insurance context includes "a concerted pattern of delays in order to cause distress to [the plaintiff] and to pressure him into accepting a settlement." *State Farm Auto Ins. Co. v. Morris*, 612 So. 2d 440, 443 (Ala. 1993). Even when a delay in payment causes a plaintiff concern about a financial condition, absent a showing of improper motive or intent to cause severe emotional distress, the conduct is not sufficient to demonstrate outrageous conduct. *Id.*

Plaintiffs' sole claim of outrageous behavior by defendant is the statement that defendant's conduct was "so barbaric and beyond such decency, it was foreseeable by its actions to cause mental anguish." (Doc. 15 at 1). This statement is little more than a formulaic recitation of the type of conduct that must be shown in order to recover for outrage, without supporting factual allegations. However, vague and conclusory allegations are not sufficient to support a claim of outrage. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (citing *Twombly*, 550 U.S. at 555); *Watters v. Harsco Metals*, No. 2:14-CV-00483, 2014 WL 3401456, at *11 (N.D. Ala. Jul. 11, 2014) (denying a claim

5

for outrage as too vague when it was based upon assertions of "a 'harsh and unreasonable' performance standard, humiliation, embarrassment, and harsher discipline practices … [causing] 'extreme emotional distress by conduct which was unreasonable, unwarranted and outrageous'"); *Little*, 72 So. 3d at 1173 ("nothing in the record indicates the nature, extent, context or egregiousness of [the] alleged racial comments"). Similarly, plaintiffs' allegation of emotional distress consists only of a conclusory statement that defendant's conduct "reasonably resulted in their mental anguish." (Doc. 15 at 2). This type of conclusory allegation is insufficient to make the required showing of improper motive or intent to cause severe emotional distress, or to allege facts necessary to establish distress that was "so severe that no reasonable person could be expected to endure it. *See State Farm*, *supra*, 612 So. 2d at 443; *Carter v. Countrywide Home Loans Inc.*, No. 3:10CV503, 2010 WL 4269149, at *8 (M.D. Ala. 2010) (deciding that plaintiffs could not "state a claim for outrageous conduct simply by making conclusory allegations" that they had suffered "emotional pain and suffering, [and] depression").

Nothing in plaintiffs' amended complaint details the type of behavior plaintiffs were subjected to beyond delays in payment of the insurance claim. Delay or refusal to pay on an insurance claim is not sufficient by itself to demonstrate barbaric conduct. *See Soti v. Lowe's Home Centers, Inc.*, 906 So. 2d 916 (Ala. 2005) (noting that a "failure to authorize a referral alone does not amount to conduct so outrageous in character and so extreme in degree as to go beyond all possible decency, and to be regarded as atrocious and utterly intolerable in a civilized society") (citing *ITT Specialty Risk Servs. v. Barr*, 842 So. 2d 638, 645 (Ala. 2002) (internal quotation marks omitted)); *Gibson v. So. Guaranty Ins. Co.*, 623

So. 2d 1065, 1067 (Ala. 1993) (finding that ordinary delays, misunderstandings, and breakdowns in communication are not sufficient to demonstrate outrageous conduct).

## CONCLUSION

For the foregoing reasons, it is ORDERED that defendant's motion to dismiss (Doc. 19) as to count II is GRANTED, and plaintiffs' claim for emotional distress is DISMISSED with prejudice. It is further

ORDERED that plaintiffs' stipulation to the dismissal of counts IV (negligence), V (recklessness and wantonness), and VI (gross negligence) (Doc. 10), which the court construes as a motion to amend the complaint to remove those claims, is hereby GRANTED pursuant to Fed. R. Civ. R. 15(a)(2). This case will proceed henceforth only on plaintiffs' breach of contract (count I) and bad faith (count III) claims. (Doc. 1).

DONE, on this the 16th day of May, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge